**FROST BAR, INC.,** Plaintiff, v. **SHAKER HEIGHTS** (City) et, **Defendant.**

Common Pleas Court, Cuyahoga County.

No. 662198. Decided January 16, 1957.

Dan W. Duffy, Bernard Friedman, Stanley Gilson, for plaintiff.
Ralph W. Jones, Law Director, for defendant.

(McCRYSTAL, J, of Erie County, sitting by designation in Cuyahoga County.)

**OPINION**

By McCRYSTAL, J.

The plaintiff is an Ohio corporation engaged in the business of selling ice cream and frozen desserts from refrigerated automotive vehicles better known to the public as the "good humor men." Plaintiff is now engaged in selling its products on the streets of the City of Shaker Heights, Ohio. On June 21st, 1954 the City Council of Shaker Heights enacted an ordinance entitled Section A-114 which reads as follows:

"Section A-114. Sales of merchandise to children on public streets prohibited.

"No person, firm or corporation shall, upon any public street or public ground within the City of Shaker Heights, sell, offer for sale, expose for sale, or attract or attempt to attract the purchase of, by any minor person under the age of eighteen years, any merchandise, food, beverage, refreshment, confection or other property of any kind.

"No license now or hereafter issued for any sale within the City shall permit sale in violation of the provisions of this section.

"Any person, firm or corporation who shall violate any of the provisions of this section, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall for the first offense be fined in any amount which, together with the cost of prosecution does not exceed Fifty Dollars ($50.00), and for a second or subsequent offense shall be fined not more than Five Hundred Dollars ($500.00) or imprisoned for not more than six months, or both."

Plaintiffs have filed a petition praying that the court hold that said ordinance is invalid and null and void and enjoin the city from enforcement.

Legislation seeking to prohibit "good humor men" and other vendors who do business on the streets is not new in Ohio or elsewhere. Annotations: 105 A. L. R. 1051; 163 A. L. R. 1334; see also 35 A. L. R. (2) 358. The courts of Ohio have with some consistency ruled such legislation invalid. **Frecker v. Dayton, 88 Oh Ap 52; 153 Oh St 14; Frecker v. Zanesville, 35 O. O. 237;** 72 N. E. (2d) 477; Schoul v. King, 70 N. E. (2nd) 378; contra **XOCel Dairy v. Akron, 63 Oh Ap 147.** The ordinances in the reported cases in Ohio which have been held invalid have in general attempted to prohibit in specific terms the sale of ice cream products on the streets and public grounds and have not been a general prohibition against the sales of other merchandise on the streets. The ordinance of the City of Shaker Heights in effect is a prohibition against the selling to any person under the age of 18 of any merchandise and it goes further and prohibits the attracting the purchase of any merchandise by any person under the age of 18. It was generally conceded by the City Solicitor of Shaker Heights and by the Chief of Police in his testimony that the ordinance would prohibit the plaintiff corporation from dispensing its merchandise on the streets.

The plaintiff maintains and correctly so that the effect of the ordinance would be to destroy its otherwise lawful business. The question of the wholesomeness or purity of its products for human consumption

and any other health regulations is not in issue or in dispute in this case. The issue of discrimination as between the plaintiff and other similar ice cream vendors which was raised as an issue in some other Ohio cases has not been raised here. See Schoul v. King, supra; Frecker v. Dayton, supra.

The defendants rely primarily on §715.24 R. C., as authority for enacting this ordinance. The pertinent parts of this code section which is titled "auctioneering" reads as follows:

"Any municipal corporation may:

A - - - - - - - - - -

B - - - - - - - - - -

C Regulate, license or prohibit the selling of goods, merchandise or medicines on the streets."

The question of the meaning of Section C of this statute is not new in the courts. In Frecker v. Dayton, supra, and Schoul v. King, supra, it has been held that this section of the statute does not give municipalities the power to prohibit the selling of merchandise on the streets but that it pertains solely to the subject of "auctioneering" and its related problems. The Frecker case was admitted to the Supreme Court on a motion to certify filed by the City of Dayton and that court, in a 4-3 decision, affirmed the Court of Appeals and the Court of Common Pleas, but in its opinion did not expressly determine the meaning of **Section C** of §715.24 R. C. While this court agrees with the decisions in the Frecker and Schoul cases insofar as they pertain to §715.24 R. C., it is not prepared to say that municipalities in Ohio do not have authority to prohibit the sales of some merchandise to certain minors on the streets or public grounds; but whatever authority it has in this respect was not delegated to it by §715.24 R. C.

Assuming that a municipality has the authority to regulate the sale of merchandise on the streets to minors, the question arises as to whether this ordinance is a valid exercise of that power. By statute in Ohio it is illegal to sell certain articles of merchandise to minors, such as intoxicating liquor, guns, drugs, tobacco, etc. See **Chapter 2903 R. C.**, §§4301.22, 4301.69, 4727.10 R. C. Municipalities generally in a valid exercise of their police power can pass ordinances prohibiting and regulating the hours that minors can frequent dance halls, pool rooms and other places of amusement and courts have been reluctant to question the hour or the age classifications incorporated in said ordinances, holding that such classifications should be left to the legislative authority. See Annotations 48 A. L. R. 154; 60 A. L. R. 173.

The instant ordinance is not directed toward a product that is inherently dangerous to a minor or to situations or places which might corrupt the morals of a minor. The preamble of the ordinance here indicates that its purpose was to prevent children running in the streets to the vendor and thereby creating a traffic hazard and endangering their own lives. The purpose of this ordinance is identical with the purpose of other ordinances in Ohio and elsewhere which have been held invalid. The Ohio courts in the "good humor" cases have in effect said that

barring legislative authority a municipality cannot prohibit a business otherwise lawful from operating because children will be attracted to it, thereby creating a traffic hazard and endangering their own lives. However, courts have generally held that municipalities have the authority to regulate street sales of this nature as to hours of sales, location of sales, and even to prohibit sales on certain thoroughfares. See Annotations 105 A. L. R. 1052; 163 A. L. R. 1334.

It is the opinion of this court that this ordinance is an unreasonable exercise of municipal police power in that it prohibits the sales of any merchandise to any person under the age of 18 on the streets or on the public grounds of the City of Shaker Heights; and further, it prohibits the sales of any merchandise which might attract a person under the age of 18 on the streets or public grounds within the City of Shaker Heights. It seems inconceivable although legally possible under this ordinance, that the City of Shaker Heights is going to prohibit the milkman and the baker from selling his merchandise from his truck. The same might apply to the vendor of fruits and vegetables during certain seasons of the year. It can be argued that the milkman and the baker and vegetable vendor might not attract as many children as the "good humor man," but this ordinance if enforced properly and fairly would encompass those occupations. This court can take judicial notice that minors under the age of 18 are permitted to marry in this state and are permitted to drive automobiles and bicycles and motorcycles on the streets. It would appear somewhat ridiculous to say to the 17 and 16-year old minor that he can get married, drive a car, seek gainful employment in factories or stores, but he cannot buy any merchandise on the streets or other public grounds in the City of Shaker Heights.

This court is aware that the presence of the "good humor man" on the street attracts younger children into the streets and that younger children by virtue of their age and appetites are inclined to be somewhat reckless in crossing the streets and that the safety hazard created by children crossing the streets for any purpose is greater or less, depending upon the flow of traffic on said streets.

This decision is not to be construed as holding that an ordinance regulating the sales of merchandise to children of certain ages on certain streets and at certain times would be invalid; but the classifications and regulations in such ordinances would have to be reasonable and directly related to the hazards involved in each municipality. As stated in the third syllabus of **Froolich v. City of Cleveland, 99 Oh St 376**: "The state and municipalities may make all reasonable, necessary and appropriate provisions to promote the health, morals, peace and welfare of the community. But neither the state nor municipality may make any regulations which are unreasonable. The means adopted must be suitable to the end in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interefer with private rights beyond the necessities of the occasion." See also **Olds v. Klotz, 131 Oh St 447; 6 O. O. 129.**

The ordinance in question does not meet any such standards and

362

is unreasonable and goes beyond the police power of a municipality to regulate public safety and public health.

The court therefore finds that Section A-114 of Ordinance No. 4902 of the City of Shaker Heights is invalid, null and void and of no force and effect and that a permanent injunction is hereby granted the plaintiff enjoining the City of Shaker Heights from the enforcement of said ordinance.